UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

In re: Christopher D. Sullivan
Attorney at Law, Bar No. 8278

Case No. 2:19-cv-02247-MMD

ORDER OF SUSPENSION

## I.    SUMMARY

This is an attorney discipline matter. Before the Court is Christopher D. Sullivan's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on November 14, 2019. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Mr. Sullivan from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Sullivan's compliance with the probationary conditions the NSC imposed on him. However, Mr. Sullivan may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

## II.    BACKGROUND

Mr. Sullivan was suspended by the NSC following his conditional guilty plea to a charge that he violated RPC 1.15 by failing to timely remove trust funds earned by his law firm from the firm's trust account, removing funds directly from the trust account without first placing them in a personal bank account, and failing to timely pay liens for two personal injury clients; and violated RPC 5.3 by failing to supervise a nonlawyer assistant who falsified documents and checks to steal money from Mr. Sullivan's firm and clients. (ECF No. 4 at 5-6.) While Mr. Sullivan's suspension was stayed, he is currently subject

to several probationary conditions imposed by the NSC running for one year from November 14, 2019. (*Id.* at 5, 7.) The NSC essentially requires that Mr. Sullivan retain a Certified Public Accountant for one year to perform certain specified functions aimed at ensuring Mr. Sullivan does not commit similar violations of the rules governing the use of trust accounts that led to his guilty plea. (*Id.* at 7-8.)

This Court issued the OSC as to why Mr. Sullivan should not be suspended from practice in this Court on December 3, 2019. (ECF No. 1.) Mr. Sullivan timely filed his Response on December 30, 2019. (ECF No. 4.) In his Response, Mr. Sullivan argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts by virtue of his suspension having been stayed, the probationary conditions imposed by the NSC will adequately protect the public going forward, and he has already taken steps to remediate his violations of the applicable rules. (*Id.* at 2-3.)

## III. DISCUSSION

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Sullivan from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Sullivan following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the

contrary. Procedurally, Mr. Sullivan did not submit a certified copy of the entire record from the NSC or present any argument as to why less than the entire record will suffice. *See* LR IA 11-7(e)(3). Substantively, while Mr. Sullivan does appear to be allowed to practice in the Nevada state courts, he is also currently subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF No. 4 at 6-8.) And the Court sees no substantial reasons not to suspend Mr. Sullivan based on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Sullivan.

That said, Mr. Sullivan is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Mr. Sullivan has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC.

## IV. CONCLUSION

It is therefore ordered that Christopher D. Sullivan, Bar No. 8278, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 2nd day of January 2020.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

3